

| | | |
|---|---|---|
| LAWRENCE PATRICK DAVIS, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:07-CV-444-A |
| | § | |
| TARRANT COUNTY, TEXAS, ET AL., | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Pending before the court are the motions of defendants, Tarrant County, Texas, the Honorable Sharen Wilson ("S. Wilson"), the Honorable Wayne Salvant ("Salvant"), the Honorable Elizabeth Berry ("Berry"), the Honorable Mike Thomas ("Thomas"), the Honorable Mollee Westfall ("Westfall"), the Honorable Everett Young ("Young"), the Honorable Scott Wisch ("Wisch"), the Honorable George Gallagher ("Gallagher"), the Honorable Robert K. Gill ("Gill"), the Honorable Jeff Walker ("Walker"), and the Honorable James Wilson ("J. Wilson") (hereinafter, all defendants except Tarrant County, Texas, collectively, "defendant judges"[1]), to dismiss the above-captioned action for failure of plaintiff, Lawrence Patrick Davis, to state a claim upon which relief can be grated. Having reviewed the motions, plaintiff's responses, defendants' replies, the complaint, and applicable authorities, the court concludes that defendants' motions to dismiss should be

---

[1] The defendant judges were sued in their individual and official capacities.

granted for the reasons given herein.

I.

## Allegations of Complaint

Plaintiff initiated the above-captioned action, through 42 U.S.C. § 1983, seeking "to vindicate the rights of Plaintiff guaranteed by the First, Fifth and Fourteenth Amendments to the United States Constitution." Compl. at 2. Specifically, plaintiff alleges that defendants conspired to: (1) deny plaintiff due process of law under the Fifth Amendment to the United States Constitution;[2] (2) deny plaintiff procedural due process, excluding him from the practice of law in violation of the Due Process clause of the Fourteenth Amendment; and (3) deny plaintiff procedural due process, excluding him from the practice of law in violation of the Equal Protection clause of the Fourteenth Amendment.

In support of such claims, plaintiff alleges that:

He has been a licensed attorney in the State of Texas since May 3, 1996. Since he became licensed, he has exclusively engaged in the defense of individuals charged with violations of state criminal law, and Tarrant County, Texas, has been the primary venue of his practice.

On March 9, 2005, plaintiff was trying a case in the 213th District Court, located in Tarrant County, Texas, Gill presiding.

---

[2]Plaintiff has failed to properly state this claim because "[t]he Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor[,]" Jones v. City of Jackson, 203 F.3d 875, 880 (5th Cir. 2000), and plaintiff makes no allegation that any defendant was acting under the authority of the federal government.

During this trial, plaintiff filed a motion for recusal because he felt that Gill could not be fair and impartial due to an "intimate relationship and friendship" plaintiff had participated in with Gill's wife before she and Gill were married. Compl. at 7. Gill refused to recuse, and the matter was referred to Walker, who denied the motion for recusal after an evidentiary hearing. On March 10, 2005, plaintiff filed a second motion for recusal, and Gill voluntarily recused. Walker then assigned S. Wilson to hear the remainder of the trial.

On or about June 1, 2005, plaintiff submitted an application to Tarrant County criminal district judges, seeking to be included on "the wheel," which is the rotating list of attorneys eligible for appointment in felony cases. Plaintiff's application was denied on August 1, 2005. Through counsel, plaintiff sent a letter to several Tarrant County judges that, inter alia, requested a hearing on the denial of his application. The judges did not respond to plaintiff's letter.

In February of 2006, plaintiff was involved in the trial of Allen Christopher Roman ("Roman"), for attempted murder, in Criminal District Court Number 1, located in Tarrant County, Texas, S. Wilson presiding. Trial counsel for Roman in that case, Kathy Lowthorp ("Lowthorp"), retained plaintiff for the limited purpose of recusal of S. Wilson. Walker heard the motion for recusal but refused to recuse S. Wilson. In an article that ran in the Fort Worth Star-Telegram, plaintiff voiced his displeasure with this outcome and criticized Walker's handling of the matter. On April 27, 2006, Walker recused S. Wilson from

3

Roman's remaining pending actions. During the recusal process, Lowthorp attempted to recuse Walker from hearing her motion for recusal of S. Wilson, and Walker held Lowthorp in contempt of court, fining her $1,000.00. Lowthorp retained plaintiff for the purpose of appealing Walker's finding of contempt.

On May 1, 2006, new policies for felony court appointment of counsel in Tarrant County, Texas, took effect. Such policies noted that the relevant Texas statutes provided for subjective review of the qualifications of the attorneys applying for inclusion on the wheel. The new policies further noted that the system of determining eligibility qualifications conferred no property interest in receiving felony court appointments, and the application for appointment was changed to require applicants to acknowledge under oath that criminal defense attorneys have no property interest in receiving appointments.

On June 2, 2006, plaintiff, by and through counsel, sent another letter inquiring about the August 1, 2005, denial of his application for inclusion on the wheel, and he again requested a hearing. Again, the judges did not respond to plaintiff's letter. On November 30, 2006, plaintiff submitted an application for felony court appointments in Dallas County, Texas, and such application was approved. Plaintiff currently handles felony cases for indigent men and women charged in Dallas County, Texas, and he continues to practice law in Tarrant County, Texas, for his retained clients.

II.

## The Motions to Dismiss

S. Wilson filed her motion to dismiss on September 28, 2007, plaintiff responded to such motion on October 5, 2007, and S. Wilson replied on October 11, 2007. Defendant Tarrant County, Texas, filed its motion to dismiss on October 22, 2007, plaintiff responded thereto on November 2, 2007, and Tarrant County, Texas, replied on November 16, 2007. Defendants Salvant, Berry, Thomas, Westfall, Young, Wisch, Gallagher, Gill, and J. Walker filed their motion to dismiss on November 5, 2007, and plaintiff responded on November 20, 2007. Wilson filed his motion to dismiss on November 16, 2007, and plaintiff responded on November 26, 2007.

Defendant judges argue, <u>inter alia</u>, that absolute immunity applies because the actions complained of were taken in each judge's judicial capacity. Tarrant County, Texas, contends that plaintiff has not asserted a claim against it because district judges act on behalf of the State of Texas, not the county where they are located. Since the court concludes that, at all times relevant to the above-captioned action, defendant judges were acting in a judicial capacity, and that they acted on behalf of the State of Texas, not Tarrant County, Texas, the court need not decide whether plaintiff has alleged any violation of a protected property right or liberty interest or otherwise address any of the other various arguments defendants have raised in their motions to dismiss.

5

III.

## Standard of Review

The standards for deciding a motion to dismiss for failure to state a claim are well-settled. The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In Conley v. Gibson, 355 U.S. 41 (1957), the Supreme Court said that a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46. However, the Supreme Court has held that it did not quite mean its "no set of facts" statement in Conley. Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1968-69 (2007) (stating that the Conley "no set of facts" statement "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival," at 1969).

In evaluating whether the complaint states a viable claim, the court construes the allegations of the complaint favorably to the pleader. Scheuer, 416 U.S. at 236. However, the court does not accept conclusory allegations or unwarranted deductions of fact as true. Bell Atlantic, 127 S. Ct. at 1964-65 (stating that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement

6

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (citations, brackets, and quotation marks omitted)); Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). On a motion to dismiss for failure to state a claim, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

IV.

Analysis

A.  Defendant Judges' Judicial Immunity

Absolute immunity completely protects judges from suits for damages based on their performance of judicial functions. Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982); see Mireles v. Waco, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). "The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991) (quotation and citation omitted). See also Pierson v. Ray, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly[.]").

Judicial immunity is overcome in two sets of circumstances: "[1] a judge is not immune from liability for nonjudicial

actions, i.e., actions not taken in the judge's judicial capacity[, and] . . . [2] a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12 (citation omitted). To determine whether actions are taken in a judge's judicial capacity, a court must consider the following four factors--broadly construed in favor of immunity--to determine whether the judge's action were judicial in nature:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005).

Though plaintiff neither cites nor specifically addresses these factors, the first, whether defendant judges' actions constituted normal judicial functions, is the only factor seriously in contention in the instant action. Plaintiff would have the court hold that defendant judges' actions were not normal judicial functions because they were not "acts of adjudication." See, e.g., Resp. to S. Wilson's Mot. at 14-16. Plaintiff has read the cases too narrowly; judicial immunity covers more than acts of pure adjudication. See, e.g., Mireles, 502 U.S. at 12-13 (holding that a judge was judicially immune from suit alleging judge ordered police officers to bring attorney before judge with use of excessive force); Roth v. King, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006) (holding that judges had

8

acted in a judicial, not administrative, capacity when they participated in the development and implementation of a system that limited attorney appointments to members of approved panels); Sparks v. Character & Fitness Comm. of Ky., 859 F.2d 428, 431 (6th Cir. 1988) (holding, "[t]he act of considering an application to the bar is a judicial act[,]" to which judicial immunity attached).

In Mireles v. Waco, 502 U.S. 9 (1991), the United States Supreme Court explained that, in considering judicial immunity, courts must "look to the particular act's relation to a general function normally performed by a judge[.]" Id. at 12-13. Judges normally appoint counsel for indigents charged with felonies, and have traditionally had the ability and discretion to decide whether--and which particular--counsel should be appointed. See, e.g., Ex parte Epperson, 153 Tex. Crim. 578, 223 S.W.2d 790 (1949). The current Texas statutory framework for appointment removes some of this discretion:

> The judges of the county courts, statutory county courts, and district courts trying criminal cases in each county, by local rule, shall adopt and publish written countywide procedures for timely and fairly appointing counsel for an indigent defendant in the county arrested for or charged with a misdemeanor punishable by confinement or a felony.

Tex. Code Crim. Proc. Ann. art. 26.04(a) (Vernon Supp. 2006). To deny defendants' motions to dismiss, the court would have to conclude that the appointment of counsel is not a judicial function because the Texas legislature has created standardized policies and procedures for appointment. However, at least one

Texas case has held that appoint of counsel under the prior version of article 26.04 was a judicial act, invoking immunity. Hawkins v. Walvoord, 25 S.W.3d 882, 891 (Tex.App.--El Paso 2000, pet. denied).

Plaintiff complains that defendant judges have erred in their conclusion that inclusion on the court-appointment list has a subjective component. However, the Texas statute clearly contemplates a subjective aspect. Article 26.04(d)(4) of the Texas Code of Criminal Procedure provides that the public appointment list shall contain the names of qualified attorneys, each of whom "is approved by a majority of the judges who established the appointment list under Subsection (e)."

The allegations in plaintiff's complaint support the conclusion that all defendant judges have done with respect to the above-captioned action is carry out the judicial functions required of them under the Texas Code of Criminal Procedure. Even if they had done so maliciously or corruptly, they would be entitled to judicial immunity for their actions. See Pierson, 386 U.S. at 554.[2]

---

[2] Plaintiff's complaints seem to be based, at least in part, on personality conflicts with defendant judges. Such conflicts do not support relief under § 1983. See Shinn v. Coll. Station Indep. Sch. Dist., 96 F.3d 783, 786 (5th Cir. 1996) ("[A] constitutional violation does not occur every time someone feels that they have been wronged or treated unfairly. There is no constitutional right to be free from emotional distress."); Goldsmith v. Mayor and City Council of Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993) ("Any other reading of [plaintiff's] proffered evidence effectively would transform what is no more than a personality conflict into a federal cause of action under section 1983. This we decline to do."); Crenshaw v. Herbert, 445 F. Supp. 2d 301, 304 (W.D.N.Y. 2006) ("Even if defendants were motivated by some general dislike of plaintiff as a person, or by personality conflicts . . . , that would not give rise to a § 1983 claim.").

B.  Claims Against Other Entities

Plaintiff has sued each defendant judge in that judge's individual and official capacities. "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity." Warnock v. Pecos County, Tex., 88 F.3d 341, 343 (5th Cir. 1996). Accordingly, in suing defendant judges in their official capacities, plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff also names Tarrant County, Texas, as a defendant. A government will be held responsible in a § 1983 action when execution of the government's policy or custom inflicts the injury at issue. Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). To establish municipal liability, a plaintiff must prove that there is: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom. Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 247 (5th Cir. 2003).

Plaintiff's claims against Tarrant County, Texas, appear to be based only on the actions of defendant judges. However, "Texas law makes only state court judges responsible for appointing attorneys for indigent criminal defendants. A county can exercise no authority over state court judges, as the latter are not county officials." Hamill v. Wright, 870 F.2d 1032, 1037 (5th Cir. 1989). Furthermore, "Texas district judges act for the state in appointing counsel for indigent criminal defendants, and the county is not responsible under § 1983 for their actions in

11

this regard." Clanton v. Harris County, Tex., 893 F.2d 757, 758 (5th Cir. 1990).[3] See also Holloway v. Walker, 765 F.2d 517, 525 (5th Cir. 1985); Florance v. Buchmeyer, 500 F. Supp. 2d 618, 639 (N.D. Tex. 2007).

IV.

Order

For the reasons discussed above, the court concludes that defendants' motions to dismiss should be granted.

Therefore,

The court ORDERS that all claims asserted by plaintiff in the above-captioned action be, and are hereby, dismissed.

SIGNED November 26, 2007.

JOHN McBRYDE
United States District Judge

---

[3] While Hamill v. Wright, 870 F.2d 1032 (5th Cir. 1989), and Clanton v. Harris County, Tex., 893 F.2d 757 (5th Cir. 1990), were decided before the current version of article 26.04 of the Texas Code of Criminal Procedure was enacted, the court concludes that nothing in the supervening amendments to article 26.04 alters the precedential value of these cases.